Mr. Jim Pledger, Director Arkansas Department of Finance and Administration P.O. Box 3278 Little Rock, Arkansas 72203
Dear Mr. Pledger:
This is in response to your request for an opinion concerning the Arkansas Freedom of Information Act, ("FOIA"), which is codified as A.C.A. 25-19-101 et seq. Specifically, you have posed three questions which relate to the release of state employees' names and addresses. These questions will be restated and answered below. You note that two previous Attorney General Opinions (87-70 and 87-108) have been issued regarding this matter, and that since those opinions were issued, "court rulings" have been issued which seem to contradict these opinions.
Your first question is as follows:
 1. Are names and home addresses of state employees personnel records under the FOIA or business records which can be released without notification to the employee?
A record which would not otherwise constitute a "personnel record," but which contains the names and addresses of employees, would not, in my opinion, be a request for personnel records such that the notification requirements under A.C.A. 25-19-105(c)(3) are triggered.[1]
Your second question is as follows:
 Is an "unlisted" telephone number/address defined as one which is not listed under the employee's name or is it a telephone number/address which is not available because the employee has requested that the telephone company not release or print the telephone number or address?
In common parlance, the term "unlisted number" implies that the individual in question has requested that the number not be given out through directory services. This office has previously stated that such unlisted numbers should be censored from release of otherwise disclosable information in keeping with the Federal Privacy Act, 5 U.S.C. § 552 a. We do not view the fact that an employee's number or address is listed in the name of another as a factor which would heighten the privacy interest of that individual in disclosure of the number or address.
Your third question is as follows:
 In view of the opinions expressed in the following court cases, should lists of employees' names and addresses be released by a state agency or institution?
Reporters Committee for Free Press v. F.B.I., 489 U.S. ___,103 L.Ed.2d 774, 109 S.Ct. 1468 (1989); National Association of Retired Employees v. Horner, 879 F.2d 873 (D.C. Cir. 1989) cert. denied, 110 S.Ct. 1805, 108 L.Ed.2d 936 (1990), and FLRA v. Department of Treasury, 884 F.2d 1446 (D.C. Cir. 1989), cert. denied, 110 S.Ct. 863, 107 L.Ed.2d 948
(1990).
It is my opinion that the answer to this question is, in most cases, "yes".
In order to answer your question, we must first set out the applicable analysis to be undertaken pursuant to the Arkansas FOIA.[2] It is my opinion that a separate listing of names and addresses would probably constitute a "personnel record". We thus must construe an exemption from disclosure in the act granted at A.C.A. 25-19-105 (b)(10). That provision exempts "[p]ersonnel records to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy." The Arkansas FOIA only exempts "clearly unwarranted" invasions of personal privacy. Therefore, "warranted" invasions will be tolerated and disclosure permitted. Watkins, supra, at 90.[3]
A balancing test should be employed to determine the issue of whether a "clearly unwarranted invasion of personal privacy" exists. It is my opinion, however, that this test should not involve an equal weighing of the interests to determine whether one outweighs the other by any margin, however slight. Our statute requires that disclosure constitute a "clearly unwarranted" invasion of privacy before the records are to be exempt. This language requires a higher standard than one which would exempt information if the privacy interest barely outweighed the public interest in disclosure. This standard may be couched in a two-prong test, as in Horner, (see note 2 above), or it may be described as requiring the privacy interest to clearly or sizeably outweigh the public interest in disclosure.
It has been stated, also that in applying this balancing test, "the public interest is less likely to outweigh the privacy interest if the records are of little interest to anyone but the requester, as is the case when the requester seeks the records for his own commercial benefit". Watkins, supra at 90. Watkins also notes that while the purpose of the requester in obtaining the records is generally irrelevant under the FOIA, it may become important in applying subsection (b)(10).[4]
The identity of the requester, or the purpose of the request, has any little or no bearing on whether the information is disclosable. We would be hard pressed to answer the question: "Is this information disclosable", with the response: "It depends upon who you are and why you want it". It would seem that this standard would be contrary to the general spirit and purpose of the FOIA.
It is my opinion that there is a small privacy interest of state employees concerning the disclosure of their names and addresses; but in my opinion in most cases the interest is slight. Disclosure of the fact that someone is a state employee and the address of that employee is not the type of information which constitutes "intimate details" of a person's life, or which would subject the person to embarrassment , harassment, disgrace and loss of employment or friends. Watkins, supra at 89. See also Opinion No. 91-003, which characterizes the exception as including information of an "intimate nature" or which concerns information about an individual's private life that would not otherwise be made public except by the individual.
Our Arkansas Supreme Court, in addressing a constitutional privacy right, defined "personal matters" as those which are personal in character and which might cause harm or embarrassment if disclosed. McCambridge v. City of Little Rock, 298 Ark. 219, 766 S.W.2d 909 (1989). Although this is a different standard than the "clearly unwarranted invasion of personal privacy" at issue here, we believe our Supreme Court would take a similarly strict view of the language contained in exception (b)(10).
We will acknowledge that there is probably a greater privacy interest in an employee's home address than there is in the disclosure of his name. It is my opinion, however, that in most cases this interest is not "substantial".[5]
Thus, that the disclosure of the names of such employees involves a recognizable public interest. The "public" is the employer of these individuals, and pays their salaries. It is not unreasonable to expect that an employer would have an interest in knowing whom it employs. The public's interest in the home address of its employees may be somewhat less, however.
It appears that disclosure of names and addresses of state employees gives rise to a mild or modest privacy interest. Additionally, the public's interest in such information is moderate; enough to be significant with respect to names, but less with respect to home addresses. Applying the balancing test set out earlier would weigh in favor of disclosure of the information. This is true because the balance tips in favor of disclosure in close cases. In most instances, disclosure of the names and addresses of state employees would not constitute a "clearly unwarranted invasion of personal privacy". It is not "a clearly unwarranted invasion of privacy" for the public to know the names and addresses of its employees.[6]
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb
[1] While an agency must make available records in its possession, it is not obligated to create a new record by compiling or collecting information in the particular format requested by the person seeking access. See Att'y Gen. Op. Number 90-234; Watkins, The Freedom of Information Act 55 (1988).
[2] The cases you have listed above are ones construing the Federal Freedom of Information Act. They are thus not controlling on our Arkansas Supreme Court when construing our Arkansas FOIA. The court, however, may look to these cases by analogy for guidance in applying our act, if it chooses to do so.
[3] In order to determine whether this exemption applies, that is, whether the invasion is "clearly unwarranted", the federal courts apply a balancing approach. The privacy interest of the employee in question is weighed against the public interest in disclosure. At least one court first determines whether the privacy interest is "substantial" as opposed to "de minimus". If the former, then the privacy interest is weighed against the public interest in disclosure to determine if disclosure would constitute a clearly unwarranted invasion of personal privacy. If the latter, (if the privacy interest is de minimus) the information is disclosable, and that is the end of the analysis. National Association of Retired Employees v. Horner, supra at 874.
[4] This problem was discussed in Horner, supra, where the issue was whether the names, addresses and annuitant status of retired or disabled federal employees were disclosable. The concern was that disclosing a list of federal annuitants would subject them to a barrage of mailings and personal solicitations. The court noted that the U.S. Supreme Court in Reporters Committee for Free Press v. F.B.I., supra, stated that the identity of the requesting party had no bearing on the merits of his or her FOIA request. The Court noted that the sole concern of the FOIA is what must be made public or not made public.
[5] There may be exceptions, however. For example a prison guard's or prosecutor's privacy interest in not having his or her home addresses disclosed may be much greater than that of other state employees. In these instances, the "distinguishing characteristics" and the ensuing consequences can be seen as significant.
[6] The existence of distinguishing facts which could skew the balancing test should, however, be considered. If there is something inherent in the information disclosed which could heighten the employee's privacy interest, that fact is to be considered. For example, a heightened privacy interest may attend the disclosure of a list of the names and addressed of prison guards or other individuals involved in the criminal justice system. This interest is heightened by the increased possibility of harm or retaliation toward these employees by, for example, former inmates or defendants. Other factors which might heighten the privacy interest of other state employees should be considered, but cannot be anticipated in this format.